UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

MATTHEW ANGUS

Plaintiff,

v.

MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS),

MAINE BUREAU OF MOTOR VEHICLES (BMV),

JOHN AND JANE DOES 1–10,

Defendants.

COMPLAINT FOR CONSTITUTIONAL VIOLATIONS AND INJUNCTIVE RELIEF

(42 U.S.C. §§ 1983, 1985; 18 U.S.C. § 1962; Declaratory Relief)

## I. INTRODUCTION

Plaintiff Matthew Angus files this action under the U.S. Constitution, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 1962 (Civil RICO) against the Maine Department of Health and Human Services (DHHS), the Bureau of Motor Vehicles (BMV), and unknown actors (Does 1–10). Defendants have engaged in a sustained campaign of extrajudicial administrative abuse, retaliation, and fraudulent enforcement actions without due process. Plaintiff's rights under the First, Fifth, and Fourteenth Amendments have been violated repeatedly, culminating in threats of arrest, improper license suspensions, unlawful garnishments, and retaliation for protected legal activity. This case seeks damages, injunctive relief, and a declaration that such conduct is unconstitutional.

## II. JURISDICTION AND VENUE

Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and Ex parte Young, 209 U.S. 123 (1908). Venue is proper in this district under 28 U.S.C. § 1391(b) as all actions occurred in Maine.

### III. PARTIES

Plaintiff: Matthew Angus, resident of Windham, Maine.

Defendants:

DHHS: Maine state agency responsible for child support enforcement.

BMV: Maine agency overseeing driver's license suspensions.

John/Jane Does 1–10: Unknown government employees or contractors acting under color of law, identities to be determined in discovery.

### IV. NATURE OF THE CASE AND PROCEDURAL BACKGROUND

•. This case arises from the systemic abuse of administrative enforcement powers by state agencies — specifically the Maine Department of Health and Human Services (DHHS) and the Maine Bureau of Motor Vehicles (BMV) — in violation of Plaintiff's constitutional rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments.

•. Without court order, judicial findings, or meaningful due process, DHHS and BMV initiated a series of enforcement actions against Plaintiff, including but not limited to:

- Suspension of Plaintiff's driver's license;
- Wage garnishment and withholding of income;
- Issuance of lien notices simulating legal process;
- Denial of access to state courts through procedural misclassification.

- These actions were taken without actual notice, meaningful opportunity to be heard, or adjudication by a court of law — in direct violation of binding Supreme Court precedent, including Bell v. Burson (402 U.S. 535), Goldberg v. Kelly (397 U.S. 254), and Jones v. Flowers (547 U.S. 220).

- When Plaintiff sought redress through state court, the court failed to adjudicate his constitutional claims, imposed filing restrictions, and ultimately funneled the matter into a Rule 80C administrative channel — despite clear allegations of systemic misconduct, retaliation, and fraud upon the court.

- The state's own filings further demonstrate this avoidance, admitting that "notice was presumed delivered" based solely on non-returned mail — a direct contradiction of Supreme Court precedent requiring affirmative steps when constitutional rights are at stake (Jones v. Flowers, 547 U.S. at 226–230).

- This action is not a license appeal. It is a civil rights case concerning unlawful administrative enforcement, denial of procedural due process, retaliation for protected petitioning activity, and sustained injury arising from the Defendants' deliberate and coordinated misconduct under color of state law.

March–June 2024: DHHS garnished Plaintiff's wages from the Maine Correctional Center without court order or hearing.

June–July 1, 2024: DHHS garnished Plaintiff's wages while employed at Grondin Construction.

July 2, 2024: Plaintiff resigned and started his own business.

September 2024: DHHS suspended Plaintiff's Class A license — which he does not possess (he only holds a Class C). No court order, no notice, no hearing. Plaintiff was told he had 30 days to request a hearing.

- November 2024: Plaintiff received a notice from DHHS scheduling an "Appear and Disclose" proceeding for November 26, 2024. The notice included threats of arrest if Plaintiff failed to appear, despite lacking any court order or judicial signature. On November 6, 2024, DHHS enforcement agent Christopher Nystrom emailed Plaintiff to cancel the proceeding. The email provided no legal explanation, no court document, and no formal withdrawal—merely a casual message stating that the appointment was no longer necessary. The informal nature of the cancellation confirms the notice was issued without

valid legal authority and used solely to intimidate Plaintiff into compliance with unlawful administrative demands.

January 25, 2025: Plaintiff discovered the license suspension through a DoorDash background check — not through any official notification.

March 4, 2025: Plaintiff filed suit in Superior Court.

March 22, 2025: Plaintiff received a lien notice dated Feb 20, 2024, notarized Feb 18, 2025, postmarked Mar 22, received Mar 24. The notice claimed Plaintiff had 30 days to contest — but had already expired on receipt. This occurred mid-litigation.

April 15, 2025: Assistant Attorney General submitted a letter to the state court seeking guidance.

April 25, 2025: A black SUV arrived with sealed documents "for Plaintiff's eyes only." Process server told Plaintiff's fiancée that Plaintiff had a court date "with DHHS."

May 7, 2025: Plaintiff's Superior Court OPRA requests were denied and the case was moved under Rule 80C.

Defendants' actions were conducted under color of state law, primarily citing **19-A M.R.S. § 2357** as their statutory authority for suspending Plaintiff's license, placing liens, and initiating enforcement actions. However, § 2357(3) requires judicial approval prior to initiating such enforcement. In this case, no such approval was ever obtained.

**Reference to State Court Proceedings and Judicial Notice**

Plaintiff respectfully requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the docket and filings in Angus v. DHHS, Case No. PORSC-CV-25-75, pending in the Cumberland County Superior Court. These include Plaintiff's motions, sworn affidavits, exhibits, and procedural filings which document the same pattern of constitutional violations, enforcement irregularities, and lack of judicial oversight now presented in this Complaint.

This request is made not to re-litigate state court matters, but to establish continuity, confirm the factual background, and support Plaintiff's claims of systemic procedural failure. Full certified copies of any referenced documents will be submitted upon request or in accordance with future scheduling orders.

## V. CAUSES OF ACTION

Count I – Violation of Due Process

(42 U.S.C. § 1983)

Legal Basis

Under 42 U.S.C. § 1983, any person acting under color of state law who deprives another of rights secured by the Constitution or federal law is liable in federal court.

The Fifth and Fourteenth Amendments prohibit the government from depriving any person of life, liberty, or property without due process of law.

Due process requires timely notice, a meaningful opportunity to be heard, and adjudication by a neutral court before the government may interfere with protected interests like employment, licensure, income, or mobility.

Facts Applied

Defendants DHHS and BMV deprived Plaintiff of protected rights—such as property interests, driving privileges, and access to due process—before providing any hearing or opportunity to be heard.

Plaintiff received only first-class mail, with no confirmation of delivery. This violates Jones v. Flowers, 547 U.S. 220 (2006), which requires agencies to take reasonable follow-up steps if initial notice fails.

Instead of holding a hearing prior to enforcement, Defendants shifted the burden to Plaintiff to request a DHHS hearing post-action, a clear reversal of due process norms.

Under Loper Bright Enterprises v. Raimondo, 601 U.S. __ (2024), agencies are no longer owed deference for unilateral interpretations of law. DHHS and BMV exceeded their lawful role in interpreting and enforcing statutes without court authorization.

Defendants' reliance on **19-A M.R.S. § 2357** does not exempt them from complying with federally guaranteed due process rights. The statute provides for enforcement *only after judicial authorization* under subsection (3), which Defendants failed to obtain. Furthermore, following the U.S. Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, agency interpretation of ambiguous statutes is no longer afforded deference. DHHS's self-authorized enforcement of § 2357 is therefore unconstitutional.

Constitutional Violations

Fourteenth Amendment – Denial of procedural due process

Fifth Amendment – Deprivation of property without due process

Fourth Amendment – Unlawful seizure of wages

Thirteenth Amendment – Coercive financial pressure without lawful cause

Count II – Retaliation for Protected Activity

(42 U.S.C. § 1983)

Legal Basis

The First Amendment protects the right to petition the government.

Retaliation for exercising this right violates 42 U.S.C. § 1983 (Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274 (1977); Hartman v. Moore, 547 U.S. 250 (2006)).

Facts Applied

Plaintiff engaged in constitutionally protected conduct by filing lawsuits, submitting objections, and challenging DHHS enforcement.

In response, Defendants:

Accelerated license suspension

Continued wage garnishment during litigation

Submitted misleading filings to court

Attempted to silence Plaintiff by seeking procedural "guidance" instead of defending on the merits

Constitutional Violations

First Amendment – Retaliation for protected speech and legal petitioning

Fourteenth Amendment – Denial of equal access to court

Count III – Conspiracy to Interfere with Civil Rights

(42 U.S.C. § 1985)

Legal Basis

Under 42 U.S.C. § 1985(2)-(3), it is unlawful for two or more persons to conspire to obstruct justice or deny equal protection (Griffin v. Breckenridge, 403 U.S. 88 (1971)).

Facts Applied

Defendants coordinated false filings, improper enforcement, and extrajudicial communications.

This included:

Fraudulent service certifications

Coordinated wage and license actions during litigation

Misleading requests to courts for procedural "relief"

Enforcement in retaliation for protected filings

Statutory Violations

42 U.S.C. § 1985(2)–(3)

First and Fourteenth Amendments.

Count IV – Civil Racketeer Influenced and Corrupt Organizations Act (RICO)

(18 U.S.C. § 1962(c) and (d))

> Under 18 U.S.C. § 1962(c), it is unlawful for any person employed by or associated with any enterprise engaged in interstate commerce to conduct or participate in that enterprise's affairs through a pattern of racketeering activity. Section 1962(d) prohibits any conspiracy to do so. To plead a civil RICO claim, Plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

> A "pattern" requires at least two predicate acts within ten years, and those acts must be related and continuous. See 18 U.S.C. § 1961(5); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989). Racketeering activity includes mail fraud, wire fraud, extortion under color of official right, and witness tampering. 18 U.S.C. §§ 1341, 1343, 1512, 1951.

> Here, Defendants used state agencies (DHHS, BMV) as instrumentalities in an illicit enterprise. They mailed fraudulent lien notices and license suspensions without judicial approval (mail fraud); manipulated electronic databases to report false suspensions to background check services (wire fraud); issued threats of arrest and suspension to extort compliance (extortion); and timed these actions to interfere with Plaintiff's active legal proceedings (witness tampering).

> These acts were not sporadic; they formed a coordinated scheme of coercion and retaliation aimed at compelling payment and silencing protected legal action. The enterprise—composed of government actors

misusing official powers—operated across departments, engaged in repeated predicate acts, and injured Plaintiff financially, reputationally, and constitutionally. See United States v. Turkette, 452 U.S. 576, 583 (1981) (RICO applies to both legitimate and illegitimate enterprises).

While civil RICO is narrowly construed, courts have held that public corruption and fraudulent use of official process can support liability where the enterprise functions as a vehicle for repeated unlawful acts. See United States v. Cuomo, 525 F.2d 1285 (5th Cir. 1976); United States v. Angelilli, 660 F.2d 23 (2d Cir. 1981). Plaintiff has therefore sufficiently pled a § 1962(c) violation and a conspiracy under § 1962(d). Treble damages and attorney's fees are authorized under 18 U.S.C. § 1964(c).

Damages

Plaintiff has suffered:

- Loss of income and employment opportunities,

- Reputational harm,

- Emotional distress,

- Deprivation of liberty,

- Ongoing legal expenses, and

- Injuries directly traceable to the RICO enterprise.

Under 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages, attorneys' fees, and other relief.

Count V – Abuse of Process

Legal Basis

Abuse of process involves legal tools used for improper motives (Jennings v. Shuman, 567 F.2d 1213 (3d Cir. 1977); Restatement § 682).

Facts Applied

Defendants used legal proceedings not to enforce law but to:

Intimidate Plaintiff

Submit false service records

Derail court process via informal "guidance" letters

Paint Plaintiff's filings as abusive instead of addressing the substance

Count VI – Fraud Upon the Court

Legal Basis

Fraud upon the court arises from deceptive acts that corrupt the judicial process (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)).

Facts Applied

Defendants:

Submitted false timelines and service returns

Concealed lack of judicial review

Delegitimized Plaintiff's verified filings

Sought default rulings based on fabricated facts

Count VII – Declaratory Judgment

(28 U.S.C. § 2201)

Legal Basis

The Declaratory Judgment Act allows courts to resolve ongoing constitutional disputes and define legal rights.

Facts Applied

Plaintiff was harmed by:

Enforcement actions without hearings

False service and fraudulent filings

Retaliatory treatment for legal action

## VI. HARM SUFFERED

Plaintiff has experienced:

Financial loss from unauthorized garnishment

Loss of employment and business opportunities

Emotional distress

Reputational damage

Retaliation and chilling of constitutional activity

Deprivation of transportation and liberty without due process

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, and grant the following relief:

Declaratory Relief

A declaration that Defendants' actions violated Plaintiff's rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution, as well as applicable federal civil rights statutes including 42 U.S.C. §§ 1983, 1985, and 1986.

Permanent Injunction

Enjoining Defendants from:

Initiating or continuing any enforcement actions (including garnishments, liens, and license suspensions) against Plaintiff without prior judicial order and due process;

Retaliating against Plaintiff for filing lawsuits or exercising constitutional rights;

Engaging in further conduct that bypasses court procedures or unlawfully imposes state sanctions.

Compensatory Damages – $8,000,000

For emotional distress, reputational harm, psychological trauma, loss of employment opportunities, and violation of familial relationships caused by unconstitutional enforcement and agency misconduct.

Economic Damages – $2,000,000

For lost income, disruption to self-employment and career, out-of-pocket legal costs, and damages resulting from improper suspension of driving privileges and associated penalties.

Civil RICO Treble Damages – $9,000,000

Pursuant to 18 U.S.C. § 1964(c), for injuries arising from Defendants' racketeering activity, including mail fraud, false service filings, and coordinated agency overreach to extort payments and suppress litigation.

Punitive Damages – $12,000,000

Against individually named Defendants for willful, malicious, and intentional violations of Plaintiff's constitutional rights, including retaliatory actions and abuse of legal process.

Sanctions and Referrals

Referral of Defendants and involved agency personnel for disciplinary investigation under court authority, based on evidence of fraud upon the court and abuse of process;

Referral to applicable state and federal oversight bodies for administrative and ethical review.

Correction of Records

An order directing Defendants to correct false service records, remove any unlawfully imposed liens, and restore suspended driving privileges or certifications affected by illegal agency action.

Costs and Fees

Award of all litigation costs, including filing fees, service expenses, and other recoverable costs under 42 U.S.C. § 1988, and attorney's fees and costs pursuant to RICO and applicable federal law.

Any Other Relief

Such further and additional relief as this Court deems just, necessary, and equitable to ensure full redress of the harms sustained and to prevent recurrence.

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable as of right.

Respectfully submitted,

Matthew Angus

(207) 571-0242

19 Goshen Road,

Windham, Maine 04062

Matt_Angus@aol.com

06/01/2025

*Matthew Angus* (signature)