UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW ANGUS, | ) |
|     Plaintiff | ) ) ) |
|     v. | )    2:25-cv-00359-LEW |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint alleging that Defendants Maine Department of Health and Human Services (DHHS) and Maine Bureau of Motor Vehicles (BMV) violated his constitutional rights in connection with the enforcement of Plaintiff's child support obligations.[1] (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, which application the Court granted. (Application, ECF No. 3; Order, ECF No. 5.) In accordance with the statute governing matters in which a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] Plaintiff also joined as defendants 10 John and Jane Does.

## FACTUAL ALLEGATIONS

Plaintiff alleges that without a court order, DHHS garnished his wages. In September 2024, without a hearing or a court order, DHHS suspended Plaintiff's Class A license, even though, according to Plaintiff, he only possessed a Class C license. Plaintiff learned of the suspension in January 2025 through an employment-related background check.

In November 2024, Plaintiff received a notice from DHHS ordering him to attend an "Appear and Disclose" proceeding. The notice advised that Plaintiff could be arrested if he did not appear, but the notice was not accompanied by a court order or a judicial signature. Plaintiff asserts that he later received an email stating that the appointment was no longer necessary.

In March 2025, Plaintiff filed suit in state court. Later in March, Plaintiff received a lien notice after the date by which he could contest the lien. In April 2025, a process server served Plaintiff's fiancé with documents reflecting that Plaintiff had a court date with DHHS. In May 2025, Plaintiff's state court lawsuit was construed as a Rule 80C request for judicial review of a final agency action.

## LEGAL STANDARD

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915]

are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff argues that DHHS, BMV, and ten unknown individuals conspired, formed a criminal enterprise, and deprived him of his constitutional rights. Plaintiff's main contention is that he was deprived of the right to liberty and property without due process of law because Defendants acted without judicial authority, failed to provide adequate

notice and opportunity to be heard, and filed false or misleading statements in the state court proceeding. Plaintiff did not state the status of the state court proceeding.[2]

If the state court proceeding is still pending, the Court should abstain from the exercise of jurisdiction over Plaintiff's claims. As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation,* 794 F.3d at 192, 197. Because the administrative enforcement proceedings are evidently complete, and because the pending state court proceeding is a civil case brought by Plaintiff rather than an enforcement proceeding against him, the *Younger* mandatory abstention might not be an obstacle here.

Even if a mandatory abstention rule like the *Younger* doctrine does not prohibit a federal lawsuit, the doctrine of *Colorado River* abstention[3] militates against the exercise

---

[2] Although Plaintiff asked the Court to take judicial notice of the filings in the state court matter, he did not provide the documents, and the Court does not have remote access to the state court docket.

[3] Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, but they are permitted to abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in limited exceptional circumstances for reasons of "wise judicial administration that counsel

4

jurisdiction where a party attempts to raise claims in federal court based on the party's dissatisfaction with the course of a parallel state court case:

> In our view, it would be unthinkable that every time a state . . . court defendant became dissatisfied with that court's provisional resolution of some issue and there was [federal subject matter jurisdiction], it could rush over to the federal courthouse in the hope of obtaining a more favorable determination. Such a practice, if ordinarily permitted, would complicate and fragment the trial of cases, as well as cause friction between state and federal courts.

*Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309–10 (1st Cir. 1986). If the state court proceeding is not yet complete, the First Circuit's reasoning would apply to Plaintiff's claims here and the balance of the relevant factors would weigh in favor of abstention.

If the state court proceeding has reached final judgment, this Court would lack subject matter jurisdiction over Plaintiff's claims. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263

---

against duplicative lawsuits." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010) (internal quotations omitted). Courts examine the following non-exhaustive factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 71–72 (1st Cir. 2005).

U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

Although Petitioner contends that his complaint is not intended "to re-litigate state court matters," (Complaint at 4), the substance of the allegations suggests otherwise. Plaintiff evidently seeks relief here because he has not succeeded or is concerned that he will not succeed in state court challenging the legality of Defendants' actions against him. Plaintiff has asserted no facts or legal argument, and I am aware of none, to suggest that Plaintiff could not have raised in state court the procedural deficiencies (e.g., Defendants' lack of authority, inadequate notice) that he seeks to assert in federal court. Notably, among the relief Plaintiff seeks in this Court is to remove the allegedly unlawful liens, restore his suspended privileges, and enjoin further administrative enforcement action, (*id.* at 12–13), which appears to be the relief that he pursued in state court.

In sum, regardless of any uncertainty that might exist regarding the status of the state court proceeding, dismissal is appropriate.

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, for the reasons set forth herein, I recommend the Court dismiss the matter.[4]

---

[4] Because I have concluded that dismissal is warranted, I deny Plaintiff's motion for the issuance of summonses. (Motion, ECF No. 6.) If the Court does not adopt the recommendation, the Court can order service without a motion from Plaintiff.

## **NOTICE**

If Plaintiff wants to object to the order denying his motion for summonses, Plaintiff shall file an objection in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2025.