UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW ANGUS, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   2:25-cv-00359-LEW |
| MAINE DEPARTMENT OF HEALTH and HUMAN SERVICES et al., | ) ) ) ) |
| Defendants | ) ) |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

On October 24, 2025, United States Magistrate Judge John C. Nivison filed with the court, with a copy to the Plaintiff, his Recommended Decision After Review of Plaintiff's pro se Complaint (ECF No. 7). The Magistrate Judge recommends that the Complaint be dismissed on jurisdictional abstention grounds based on the pendency or finality of state court proceedings. The Plaintiff filed an objection to the Recommended Decision on October 30, 2025 (ECF No. 9). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur in the assessment that dismissal is warranted, but conclude that dismissal is more appropriately based on Plaintiff's failure to state a federal claim.

The Department of Health and Human Services and the Bureau of Motor Vehicles are not "persons" subject to suit under 42 U.S.C. § 1983 or § 1985, or 18 U.S.C. § 1962. As to the John Doe individual defendants acting in their individual capacities, Plaintiff fails to state a plausible claim for relief under federal law for reasons outlined hereafter.

Plaintiff's situation—facing child support collection measures implemented by the Department of Health and Human Services—is a product of an underlying child support obligation, which presumably was imposed on Plaintiff in a court order. Plaintiff does not dispute his obligation. Nor does he dispute his delinquency. Instead, he complains that the Department is employing tools like garnishment orders and liens to collect.[1] The existence of the child support obligation is itself due process groundwork that explains Plaintiff's garnishment and lien situation. Given that the child support obligation and the delinquency are both established and uncontested, the Department's use of tools like wage garnishment and liens is authorized by state law in Title 19-A, Chapter 65 of the Maine Revised Statutes. Additionally, state law affords both administrative review and judicial review of the Department's enforcement measures. *See* 19-A M.R.S. §§ 2451, 2453. As alleged, Plaintiff presently is engaged in such a proceeding based on a complaint he filed in state court. Plaintiff's claim of a due process deprivation is misguided. He presumably received due process as a prerequisite to the child support obligation and he is receiving due process currently on his own claim for review.

Plaintiff also fails to state a claim of First Amendment retaliation. He bases the claim on the suspension of a Class A driver's license he does not have and the continuation of a garnishment order despite the challenge he filed in state court. He also complains of the nature of the Department's filings in the state court in response to his civil action there, though the allegations are rather vague in this regard. None of these alleged actions by the Department or the Bureau is the kind of adverse action that would chill the exercise of speech rights by a reasonably hardy person. Loss of a nonexistent license is not an adverse action, and Plaintiff does not have a right

---

[1] Plaintiff also complains that inadequate process was employed to suspend a Class A driver's license even though he does not have such a license. If Plaintiff does not have a Class A license, then there is no meaningful deprivation for which the law would provide a remedy. A claim based on this alleged deprivation would be frivolous.

2

to the immediate suspension of a garnishment order based on the filing of a complaint in court. The fact that Plaintiff did not receive relief that he was not entitled to is not adverse action. Finally, the allegations concerning the Department's filings in state court are too abstract to understand, but meaningful adversity is not suggested by these allegations. Finally, Plaintiff is facing garnishment and liens because of his unpaid obligation, not because he filed a complaint in state court.

For the foregoing reasons, Plaintiff fails to state a claim against the John Doe defendants under 42 U.S.C. § 1983. Plaintiff also fails to state a claim of a conspiracy to deprive him of due process or speech rights, under 42 U.S.C. § 1985, since he fails to state either a due process or a speech retaliation claim.

Plaintiff also fails to state a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964, as his allegations do not plausibly depict an enterprise, let alone any predicate racketeering activity. Liens and garnishments are the tools of child support obligation enforcement, not fraud or extortion. The allegation of witness tampering is frivolous.

The only remaining possible federal claim listed in the Complaint seeks a declaratory judgment, but without any underlying deprivations that claim fails too.

Given the failure to state a federal claim, Plaintiff's remaining state law claims are outside of this Court's subject matter jurisdiction and are appropriately dismissed.

In summary, perhaps the Magistrate Judge is correct to treat the administrative enforcement measures or Plaintiff's participation in state court proceedings that Plaintiff himself instituted as cause to apply an abstention doctrine. Be that as it may, Plaintiff has not alleged facts that state a plausible claim for relief under federal law, and without stating a federal claim Plaintiff's state law claims are outside of this Court's subject matter jurisdiction.

It is therefore ORDERED that the Recommended Decision (ECF No. 7) of the Magistrate Judge is hereby ADOPTED as to its recommended disposition.  The Complaint is DISMISSED.

**SO ORDERED.**

Dated this 1st day of December, 2025.

      /s/ Lance E. Walker
    CHIEF U.S. DISTRICT JUDGE